**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| BRETT CONNER, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br> v.<br><br>CPAP MEDICAL SUPPLIES AND SERVICES INC.,<br><br>   Defendant. | Case No. 3:25-cv-00945 |
| JUWAN OVERSHOWN, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br> v.<br><br>CPAP MEDICAL SUPPLIES AND SERVICES INC.,<br><br>   Defendant. | Case No. 3:25-cv- 00948 |
| DIANE EDWARDS, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br> v.<br><br>CPAP MEDICAL SUPPLIES AND SERVICES INC.,<br><br>   Defendant. | Case No. 3:25-cv- 00950 |

| | |
|---|---|
| STEPHEN FOLLETT, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>CPAP MEDICAL SUPPLIES AND SERVICES INC.,<br><br>    Defendant. | Case No. 3:25-cv- 00963 |

# PLAINTIFFS' RENEWED UNOPPOSED MOTION TO APPOINT INTERIM CO-LEAD CLASS COUNSEL

Plaintiffs Brett Conner, Juwan Overshown, Diane Edwards, and Stephen Follett (collectively, "Plaintiffs") respectfully move to appoint Mariya Weekes of Milberg Coleman Bryson Phillips Grossman PLLC, Jeff Ostrow of Kopelowitz Ostrow P.A., and Marc Edelson of Edelson Lechtzin LLP (collectively, "Interim Co-Lead Counsel") as Plaintiffs' leadership counsel pursuant to Federal Rule of Civil Procedure 23(g)(3).[1]

## I.   INTRODUCTION

Plaintiffs brought class actions against CPAP Medical Supplies and Services, Inc. ("Defendant") for a data breach sustained in December 2024 (the "Data Breach"). The Data Breach prompted Plaintiffs to file four putative class actions, which are now consolidated before this Court. *See* Dkt. No. 22. Now, to effectively manage this consolidated action, all Plaintiffs' counsel have agreed to a proposed leadership structure. Plaintiffs thus move the Court under Federal Rule of Civil Procedure 23(g) to appoint Interim Co-Lead Counsel to prosecute this action on behalf of the putative Class. Appointment of Interim Co-Lead Counsel ensures this complex case will be litigated

---

[1] Defendant takes no position on this request to appoint Interim Co-Lead Counsel.

1

efficiently and effectively, benefiting the parties, the proposed Class members, and the Court. The Court should therefore grant the Motion and appoint Interim Co-Lead Counsel.

## II. ARGUMENT AND MEMORANDUM OF LAW

All relevant factors support appointing Mariya Weekes, Jeff Ostrow, and Marc Edelson as Interim Co-Lead Counsel under Rule 23(g) to efficiently and effectively oversee this litigation.

### A. Appointing Interim Co-Lead Counsel Promotes this Action's Efficient Litigation.

"The court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). The Advisory Committee Notes to Rule 23 emphasize the benefits of designating interim co-lead counsel even before the class certification stage:

> [I]t will usually be important for an attorney to take action to prepare for the certification decision. The amendment to Fed. R. Civ. P. 23(c)(1) recognizes that some discovery is often necessary for that determination. Moreover, settlement may be discussed before certification. It also may be important to make or respond to motions before class certification.

Fed. R. Civ. P. 23 Advisory Comm. Notes (2003). *See also DOE v. Coll. Bd.*, 2019 WL 12289572 (M.D. Fla. Apr. 26, 2019) ("[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities.").

The Manual for Complex Litigation likewise recommends early appointment of interim co-lead counsel in complex cases: "designation of interim counsel clarifies the responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification and negotiating settlement." Manual Complex Litig. (Fourth)

2

("MCL") § 21.11 (2004). To avoid inefficiency, duplication, and prejudice to plaintiffs in related actions, the MCL recommends courts "institute procedures under which one or more attorneys are selected and authorized to act on behalf of other counsel and their clients." *Id*. § 10.22. *See also In re: Disposable Contact Lens Antitrust Litig*., 2015 WL 10818781, at *1 (M.D. Fla. Oct. 7, 2015) (citing *id*., and noting "the formal appointment of interim class counsel would 'facilitate efficiency and economy without jeopardizing fairness to the parties'").

Here, appointing Interim Co-Lead Counsel will benefit the efficient and coordinated litigation of this action to the benefit of the Court, the parties, and the putative Class. Proposed Interim Co-Lead Counsel's collective and broad experiences—particularly in data privacy actions like this case—will benefit the Class and promote the action's efficient litigation. Under Plaintiffs' proposal, Interim Co-Lead Counsel will be charged with this matter's oversight and prosecution, and will work in concert to avoid a duplication of effort. Given that all Plaintiffs support appointing Proposed Interim Co-Lead Counsel, implementing a clear leadership structure at this stage allows the various firms to focus their efforts and efficiently represent the putative Class. Such collaboration is critical in a complex class like this one.

Thus, adopting the proposed leadership structure will promote collaboration, provide clear leadership for efficient decision-making, and ensure the Class's interests are protected by capable counsel, warranting Interim Co-Lead Counsel's appointment.

**B. Proposed Interim Co-Lead Counsel Fulfill the Criteria for Appointment.**

Although Rule 23(g)(3) does not provide specific criteria for assessing whether to appoint interim class counsel, courts apply the Rule 23(g)(1)(A) factors. *In re: Dairy*

*Farmers of Am. Cheese Antitrust Litig.*, No. 1:09-cv-03690, 2013 WL 6050431, at *3 (N.D. Ill. Nov. 15, 2013). The four Rule 23(g)(1)(A) factors are (1) "the work counsel has done in identifying or investigating potential claims in the action"; (2) "counsel's experiences in handling class actions, other complex litigation, and the types of claims asserted in the action"; (3) "counsel's knowledge of the applicable law"; and (4) "the resources that counsel will commit to representing the class[.]" Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv). Each Rule 23(g)(1)(A) factor fully supports appointing proposed Interim Co-Lead Counsel in this case.

### 1. Proposed Interim Co-Lead Class Counsel Have Performed Substantial Work on this Action.

The first Rule 23(g)(1)(A) factor is the work counsel has done to date in identifying and investigating potential claims. Fed. R. Civ. P. 23(g)(1)(A)(i). Prior to filing Plaintiffs' respective actions, Proposed Interim Co-Lead Counsel extensively researched the facts and legal issues involved, including performing an extensive, initial investigation of the subject data breach and the resulting harms to Plaintiffs and the Class. Proposed Interim Co-Lead Counsel then moved quickly to draft and file a motion to consolidate Plaintiffs' cases, including obtaining Defendant's consent to consolidation, which has now been granted. *See* Dkt. 22.

Proposed Interim Co-Lead Counsel also continue performing substantial work to benefit the Class as the case moves forward. For example, they will continue investigating the subject data breach and researching Plaintiffs' claims, including in connection with Plaintiffs' forthcoming consolidated amended complaint that Interim Co-Lead Counsel are in the process of preparing. Proposed Interim Co-Lead Counsel have conducted all the

4

work necessary to prosecute this litigation thus far, satisfying the first Rule 23(g)(1)(A) factor and supporting their appointment.

### 2. *Proposed Interim Co-Lead Counsel Have Extensive Experience and Knowledge of the Applicable Law.*

The second and third factors consider proposed lead counsel's experience in handling complex litigation and their knowledge of the applicable law. Fed. R. Civ. P. 23(g)(1)(A)(ii)-(iii). Here, Proposed Interim Co-Lead Counsel are well-qualified to lead this case for the putative Class, as is evident from the firm biographies attached hereto as **Exhibits A–C**. *See In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672, 702 (S.D. Fla. 2004) (the "most persuasive" factor in choosing class counsel is counsel's "experience in, and knowledge of, the applicable law in this field"). Each of the attorneys proposed for leadership and their respective firms have a track record of successfully litigating and resolving consumer class actions, specifically including data privacy class actions like this case. Their qualifications and experiences are detailed in the accompanying firm resumes and briefly summarized below:

<u>**Mariya Weekes of Milberg Coleman Bryson Phillips Grossman, PLLC**</u>

Mariya Weekes is a partner at the international plaintiffs' class action firm Milberg Coleman Bryson Phillips Grossman, PLLC ("Milberg"). Since Milberg's founding in 1965, it has repeatedly taken the lead in landmark cases that have set groundbreaking legal precedents, prompted changes in corporate governance, and recovered over $50 billion in verdicts and settlements.[2] Milberg has been instrumental in obtaining precedent setting

---

[2] *See, e.g., In re Tyco International Ltd., Securities Litigation*, MDL 1335 (D.N.H.) (serving as lead counsel and obtaining approval of $3.2 billion settlement); *In re Prudential Insurance Co. Sales Practice Litigation*, No. 95-4704 (D.N.J.) (serving as lead counsel and recovering more than $4 billion for policyholders); *see also*

5

decisions at every level, including at the United States Supreme Court.[3] The firm pioneered federal class action litigation and is widely recognized as a leader in defending the rights of victims of corporate and other large-scale wrongdoing. Milberg is recognized as having one of the most respected data privacy practice groups in the United States, having been ranked by Chambers and Partners as Band 3 for Privacy & Data Security Litigation (2024). Law360 recently highlighted Milberg's work in the privacy space. Milberg has more than 100 attorneys on staff and has offices across the United States and the European Union.

      Ms. Weekes is a former Florida State Circuit Court Judge, elected to the bench by her constituents. As a Circuit Court Judge, she presided over thousands of complex cases, hundreds of trials, and motions. In her capacity as a Circuit Court Judge, she served on the Circuit's appellate panels reviewing appeals from the lower trial Courts and administrative agencies. Before ascending to the bench, she practiced as a trial lawyer representing individuals and corporations in complex cases throughout the State of Florida. As a practicing attorney, she has personally tried dozens of jury trials to verdict and has participated in many significant cases. Both as a civil trial lawyer and former prosecutor, she has handled complex cases from their inception through appeal.

      After stepping down from the bench, Ms. Weekes joined Milberg's Cybersecurity and Data Privacy Group, which has extensive experience serving as leadership in numerous privacy class actions, including as lead or co-lead counsel in the largest data breaches in the country. *See, e.g.*, *In Re: Hot Topic Data Breach Litigation*, No. 2:24-cv-

---

https://milberg.com/outstanding-recoveries/.

[3] *See* https://milberg.com/precedent-setting-decisions/page/3/.

9215-MEMF-AS (C.D. Cal.) (Ms. Weekes appointed co-lead counsel in a consolidated action involving more than 57 million customers); *In Re: LoanCare Data Security Breach Litig.*, No. 3:23-cv-1508-MMH-MCR (M.D. Fla.) (where Ms. Weekes was appointed co-lead counsel in a consolidated action involving more than 1.3 million consumers); *In Re: Berry, Dunn, McNeil & Parker Data Security Incident Litigation.*, No. 2:24-cv-00146 (D. Maine) (Ms. Weekes was appointed to the executive committee in a consolidated action involving 1.1 million consumers); *Reichbart v. Financial Business and Consumer Solutions, Inc.*, No. 24-cv-1876 (E.D. Penn.) (Ms. Weekes was appointed chair of the Plaintiffs' Executive Committee in a consolidated action involving more than 1.9 million consumers); *Morrison et al. v. Family Dollar Stores, LLC, et al*., 0:24-cv-60294-AHS (S.D.Fl.) (Ms. Weekes was appointed as co-lead counsel in a consolidated consumer protection class action involving adulterated mediations impacting thousands of consumers across 19 States); *In Re ConnectonCall.com Data Breach Litigation*, Case No. 2:24-cv-08790-SJB-JMW (E.D NY) (Ms. Weekes appointed Interim Co-Lead Counsel); *Zayatz v. Akumin Operating Corp*., Case No. 0:24-cv-62439-RS (S.D. Fl) (Ms. Weekes appointed Interim Co-Lead Counsel); *Owings v. Medusind, Inc*., 1:25-cv-20117-RAR (S.D. Fl) (Ms. Weekes appointed interim co-lead counsel); *W. v. LivaNova USA, Inc.,* Case No. 4:24-cv-02250 (S.D. Tex.) (Ms. Weekes was appointed Interim Co-Lead Counsel); *In re Coastal Orthopedics & Sports Medicine of Southwest Florida Data Breach Litig.,* Case No. 2024-CA-1078AX (12th Judic. Circ. Ct. of Fla., Manatee Cnty) (Ms. Weekes was appointed Interim Class Counsel); *Lomedico v. MarineMax, Inc.*, Case No. 8:24-cv-1784-MSS-AEP (M.D. Fla.) (appointed joint Interim Class Counsel); *In re TRC Staffing Services, Inc. Data Breach Litig.*, Case No. 1:24-cv-02398-VMC (N.D. Ga.) (Ms.

Weekes was appointed co-lead counsel); *Lepore et al v. Affiliated Dermatologists & Dermatologic Surgeons, P.A.*, Case No. MRS-L-001091-24 (Ms. Weekes was appointed Interim Class Counsel); *Owens et al v. MGM Resorts International, et al.,* Case No. 2:23-cv-01480-RFB-MDC (D. Nev.) (Ms. Weekes was appointed to Plaintiffs' Steering Committee); *Mckinley v, Doxim, Inc*. Case No. 2:24-cv-11550-TGB-CI (E.D. Mich.) (Ms. Weekes was appointed co-lead counsel); *Cucuta v. FloridaCentral Credit Union,* Case No. 24-CA-006065 (Hillsborough County, Fl.) (Ms. Weekes was appointed co-lead counsel).; *In re: MoveIt Customer Data Security Breach Litigation*, 1:23-md-03083 (D. Mass.) (where Milberg was appointed to the leadership committee in multi-district litigation involving a data breach that impacted more than 95 million consumers).[4] Milberg's Cybersecurity and Data Privacy Group is largely responsible for developing the favorable case law that many plaintiffs rely on in the data breach space. *See e.g., Webb v. Injured Workers Pharmacy, LLC*, 72 F.4th 365 (1st Cir. 2023) (Milberg attorneys obtained a decision from the First Circuit reversing the dismissal with prejudice of a data breach case and finding Article III standing); *In re Arthur J. Gallagher Data Breach Litig.*, 631 F. Supp. 3d 573, 586 (N.D. Ill. 2022) (Milberg attorneys largely defeated a motion to dismiss in a data breach case involving 3 million consumers); *In re Blackbaud, Inc., Customer Data Breach Litig.*, No. 3:20-MN-02972-JMC, 2021 WL 2718439, at *1 (D.S.C. July 1, 2021) (Milberg attorneys defeated a standing challenge in a 10 million person data breach case). A copy of Milberg's Firm Resume is attached hereto as **Exhibit A**.

---

[4] *See, also Morrill v. Lakeview Loan Servicing, LLC*, Case No. 1:22-cv-20955-DPG (S.D. Fla.) (where Milberg is appointed to the leadership committee in a data breach class action involving 6 million consumers); *Sherwood v. Horizon Actuarial Services, LLC*, Case No. 1:22-cv-01495-ELR (N.D. Ga.) (where Milberg is court-appointed co-lead counsel in a data breach class action involving 4 million consumers).

## **Jeff Ostrow of Kopelowitz Ostrow, P.A. ("KO")**

Jeff Ostrow is the managing partner of KO and has been practicing law for 27 years. Mr. Ostrow established the South Florida-based firm immediately following his graduation from Nova Southeastern University in 1997, and has since grown it to 30 attorneys. Beyond managing the firm, Mr. Ostrow heads the class action department and maintains a full caseload of nationwide class actions. Although Mr. Ostrow currently only represents class plaintiffs, he has prior experience defending large companies in class actions, including banks, commercial lenders, and tech companies, which affords him a valuable perspective and advantage in litigation and settlement.

Mr. Ostrow is counsel of record in more than 400 pending data breach cases. He is currently court-appointed Lead Counsel in MDLs and in federal and state courts across the country. He is Lead Counsel in MDL-3090, *In re Fortra File Transfer Software Data Sec. Breach Litig.*, No. 24-md-3090 (S.D. Fla.), which involves 10 defendants and 6 million people, and settled for $27 million. Additional examples of data breach cases in which he serves as Lead Counsel include: *In Re: AT&T Inc. Customer Data Sec. Breach Litig.*, 3:24-cv-00757 (N.D. Tex.), which settled for $177 million; *McNally, et al. v. Infosys McAmish Sys., LLC*, 1:24-cv-00995 (N.D. Ga.), which settled for $17.5 million; *Owens v. MGM Resorts Int'l*, 2:23-cv-01480-RFB-MDC (D. Nev.), which settled for $45 million; *Harrell v. WebTPA Employer Servs. LLC*, No. 3:24-cv-01160 (N.D. Tex.), which settled for $13.75 million; *In re Berry, Dunn, McNeil & Parker Data Sec. Incident Litig.* (D. Me.), which settled for $7.25 million; *Mclean v. Signature Performance, Inc.*, No. 8:24-cv-230 (D. Neb.), which settled for $8.5 million; *Crowe v. Managed Care of N. Am., Inc.*, No. 23-cv-61065 (S.D. Fla.), affecting 8.9 million individuals; *Stallone v. Fin. Bus. & Consumer*

*Sols., Inc.*, No. 2:24-cv-01876 (E.D. Pa.), affecting almost two million individuals; *In re HealthEquity, Inc. Data Sec. Incident Litig.*, No. 2:24-cv-528 (D. Utah), affecting 4.3 million patients; *Butler v. Acadian Ambulance Serv., Inc.*, No. 6:24-cv-01011 (W.D. La.), affecting 3 million patients; and *In re DISA Global Data Breach Litig.*, No. 4:25-cv-00821 (S.D. Tex.), affecting 3.3 million individuals. Moreover, Mr. Ostrow has court-appointed positions in MDLs including *In In re: Evolve Bank & Trust Customer Data Breach Litig.*, MDL No. 3127 (W.D. Tenn.), which settled for $17.0 million, as well as *In re: Snowflake, Inc., Data Breach Litig.*, MDL No. 3126 (D. Mont.); *In re: Consumer Vehicle Driving Data Tracking Collection*, MDL No. 3115 (N.D. Ga.); *In re Change Healthcare, Inc. Data Breach Litig.*, MDL No. 3108 (D. Minn.); and *In re: PowerSchool Holdings, Inc. Customer Data Sec. Breach Litig.*, MDL No. 3149 (S.D. Cal.).

For about 13 years, Mr. Ostrow's firm served as Coordinating Counsel, Settlement Class Counsel, and Lead Class Counsel in *In re Checking Acct. Overdraft Litigation*, No. 1:09-MD-02036-JLK (S.D. Fla.), a large MDL that resulted in the recovery of $1.2 billion from the nation's largest banks, and is Liaison Counsel in *In re Disposable Contact Lens Antitrust Litigation*, No. 3:15-md-2626-HES-JRK (M.D. Fla.), an antitrust class action with $85 million recovered to date. Moreover, KO is co-counsel for Broward County and the City of Fort Lauderdale in *In re: National Prescription Opiate Litigation*, No. 1:17-md-2804 (N.D. Ohio), and for the Broward and Miami-Dade County School Boards in *In re Juul Labs*, No. 19-md-2913 (N.D. Cal.), helping clients recover $100 million and $26 million, respectively.

Federal judges have recognized Mr. Ostrow's commitment to excellence. In *Farrell v. Bank of America, N.A.*, 327 F.R.D. 422, 432 (S.D. Cal. 2018), in which Mr. Ostrow

served as lead counsel on behalf of millions of people, United States District Judge James Lorenz made the following observation when granting final approval of a settlement that included a $68 million recovery and $1.2 billion in injunctive relief requiring the defendant bank to stop an enormously lucrative practice:

> Class Counsel achieved this result through tenacity and great skill. In all of their written submissions and in their presentation at the Final Approval Hearing, Class Counsel's arguments were laudably clear and precise, no small feat given the complexity of the legal questions at issue here. It is clear that substantial preparation went into all of Class Counsel's work on this case.

Similarly, when approving a $13 million settlement in which Mr. Ostrow was one of the lead counsel, United States District Judge James Lawrence King commented that "Class Counsel's efforts in pursing and settling these consumer claims were, quite simply, outstanding." *In re Checking Account Overdraft Litig.*, 1:09-md-02036-JLK, 2013 WL 11319244, *16 (S.D. Fla. Aug. 2, 2013). In another recent case in which Mr. Ostrow was lead counsel, United States District Judge Jose Martinez noted, "Here, Class Counsel worked extensively and with a high level of skill to advance Plaintiff's claims . . . The case involved difficult factual and legal issues from a global pandemic. . . . Despite the strong defenses presented by Barry [University], Class Counsel obtained an excellent result for the Settlement Class Members." *Rosado v. Barry Univ., Inc.*, No. 1:20-cv-21813-JEM (S.D. Fla.), ECF No. 84 at 14.

Mr. Ostrow has worked productively with Proposed Interim Co-Lead Counsel in many other cases. He is confident that this proposed leadership structure will result in an excellent recovery for Plaintiffs and the putative Class. A copy of KO's resume, which includes additional information about Mr. Ostrow and his firm, is attached hereto as **Exhibit B**.

11

### Marc Edelson of Edelson Lechtzin LLP

Marc Edelson is a founding partner of Edelson Lechtzin LLP, a national class action law firm based in suburban Philadelphia. The firm represents investors in securities fraud class actions and shareholder derivative litigation, consumers, employees, and businesses in class litigation involving anticompetitive business practices, ERISA retirement plans, unpaid wages & overtime claims, and consumer fraud including data breach litigation.

In the area of consumer fraud, Mr. Edelson is actively engaged in protecting the rights of consumers in a variety of matters including a strong focus on data breach litigation. Current cases include: *In re: Harvard Pilgrim Data Security Incident Litig.*, No. 23-cv-11211 (D. Mass.), *Gutierrez v. Independent Living Systems, LLC*, No. 23-cv 21221 (S.D. Fl.), *Maria Gregory, et al. v. Johns Hopkins Univ.*, No. 23-cv-01854 (D. Md.), *Humphries, et al. v. Apria Healthcare, LLC*, No. 23-cv-01147 (S.D. Ind.), *Nelson et al. v. Connexin Software, Inc.*, No. 27-cv-04676 (E.D. Pa.) (member of Executive Committee), *Renaldo Ellis et al. v. Pension Benefit Information, LLC*, No. 0:23-cv-02139 (D. Minn.), *Verderame v. Futurity First Insurance Group, LLC.*, No. 3:24-cv-01262,(D. Conn.), *Starling v. Evolve Bank & Trust*, No. 4:24-cv-00549 (E.D. Ark.), *Vines, et al. v. Financial Business & Consumer Solutions, Inc.,* No. 2:24-cv-02085 (E.D. Pa.), *Signorino v. Affiliated Dermatologists*, Civil Case No. MRS-L-001106-24 (N.J. Super. Ct. Law Div.) (Co-Lead Counsel), *In re Berry, Dunn, McNeil & Parker Data Security Incident Litig.*, No. 2:24-cv-00146 (D. Me.), *Forstrom et al. v. Consulting Radiologists, Ltd.*, No. 0:24-cv-02604 (D. Minn.), *Arons v. Continuum Health Alliance, LLC*, No. 1:24-cv-07013 (D. N.J.) (member of Executive Committee), *Wilson et al. v. Frontier Communications Parent, Inc.*,

No. 3:24-cv-01497 (N.D. Tex.) (Member of Executive Committee), *Flynn et al. v. Eastern Radiologists, Inc.*, Master File No. 24-cvs-772 (N.C. Super. Ct.), *Krause v. City of Hope*, No. 2:24-cv-02894 (C.D. Cal.), *In Re Greylock McKinnon Associates Data Security Incident Litig.*, No. 1:24-cv-10797 (D. Me.), *Feathers v. On Q Financial, LLC*, No. 2:24-cv-00811 (D. Ariz.) (Co-Lead Counsel), *Daroya Isaiah v. Loan Depot, Inc.*, No. 8:24-cv-00136 (C.D. Cal.), *Stewart v. Ann & Robert H. Lurie Children's Hospital*, No. 2024CH06201 (Ill. Super. Ct., Cook County), *Halvorson v. MNGI Digestive Health, P.A.*, No. 0:24-cv-02851 (D. Minn.), and *Gales v. Ohio Lottery Comm'n*, Case No. 2024-00434JD (Ohio Ct. of Claims.) (Co-Lead Counsel).

Further details about Edelson Lechtzin LLP's class action group are included in the firm resume attached as **Exhibit C** hereto.

### 3. Proposed Interim Co-Lead Counsel Are Committed to Representing and Advancing the Class's Interests.

The final Rule 23(g)(1)(A) factor is the resources counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv). Proposed Interim Co-Lead Class Counsel are well-immersed in class action and complex litigation and have already undertaken substantial work identifying, investigating, and prosecuting potential claims in this action. Proposed Interim Co-Lead Counsel's respective firms have the resources to effectively prosecute this case and are also committed to utilizing those resources to advance Plaintiffs' and Class members' interests. Indeed, Interim Co-Lead Counsel and their firms have already devoted significant time and resources to investigating this action and communicating with Plaintiffs and other data breach victims. With their knowledge of the facts, claims, and legal issues, proposed Interim Co-Lead Counsel and their firms fully understand the investment of time and resources that will be necessary to pursue this

action to a successful resolution. They are willing and able to commit ample resources to staff and finance the prosecution of this action over a period of years.

Proposed Interim Co-Lead Class Counsel are therefore well-qualified and committed to achieving a favorable result for Plaintiffs and the Class through this complex case's efficient management. Should they be appointed, proposed Interim Co-Lead Class Counsel will be responsible for the overall conduct of the litigation, including the following specific responsibilities:

   a. Determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the Plaintiffs' and putative Class members' positions on all matters arising during pretrial proceedings;

   b. Coordinate the initiation and conduct of discovery on behalf of Plaintiffs and putative Class members, consistent with the requirements of Rule 26(b)(1), (b)(2), and (g), including the preparation of joint interrogatories and requests for the production of documents and the examination of witnesses in depositions;

   c. Conduct settlement negotiations on behalf of Plaintiffs and putative Class members, and, where appropriate, to present any proposed settlements to the Court on behalf of putative class members;

   d. Delegate specific tasks to other counsel, in a manner designed to ensure that pretrial preparation is conducted efficiently and effectively;

   e. Enter stipulations with opposing counsel as necessary;

  f. Prepare and distribute status reports to any other law firms that might seek to represent the putative class;

  g. Maintain adequate time and disbursement records covering services as Interim Co-Lead Counsel;

  h. Monitor the activities of any other law firms that might seek to represent putative Class members to ensure that schedules are met and unnecessary expenditures of time and funds are avoided; and

  i. Perform such other duties as may be incidental to the proper prosecution and coordination of pretrial activities on behalf of Plaintiffs and the putative Class or authorized by further order of this Court.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court appoint Mariya Weekes, Jeff Ostrow, and Marc Edelson as Interim Co-Lead Counsel to oversee this and any related actions on behalf of Plaintiffs and the Class.

DATED: October 16, 2025    Respectfully Submitted,

               */s/ Jeff Ostrow*
               Jeff Ostrow (FBN 121452)
               **KOPELOWITZ OSTROW P.A.**
               One West Las Olas Blvd., Suite 500
               Fort Lauderdale, Florida 33301
               Tel: 954.332.4200
               ostrow@kolawyers.com

               Mariya Weekes (FBN 56299)
               **MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
               333 SE 2nd Avenue, Suite 2000
               Miami, FL 33131
               Tel: (866) 252-0878
               mweekes@milberg.com

        Marc H. Edelson (*pro hac vice* forthcoming)
**EDELSON LECHTZIN LLP**
411 S. State Street, Suite N300
Newtown, PA 18940
T: (215) 867-2399
medelson@edelson-law.com

*Proposed Interim Co-Lead Counsel*

## LOCAL RULE 3.01(g) CERTIFICATION

The undersigned has conferred with Plaintiffs' counsel in all related actions and all consent to the relief sought herein. On September 11, 2025, the undersigned conferred with counsel for Defendant via videoconference who represented that Defendant consents to consolidation and takes no position on Plaintiffs' request to appoint proposed Interim Co-Lead Class Counsel.

        By: */s/ Mariya Weekes*
            Mariya Weekes

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2025, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF. Copies of the foregoing document will be served upon interested counsel via transmission of Notices of Electronic Filing generated by CM/ECF.

        By: */s/ Jeff Ostrow*
            Jeff Ostrow