United States District Court
Middle District of Florida
Jacksonville Division

**BRETT CONNOR, ET AL.,**

    Plaintiffs,

v.

**CPAP MEDICAL SUPPLIES AND SERVICES INC.,**

    Defendant.

Lead Case:
NO. 3:25-CV-945-WWB-LLL

Consolidated With:
NO. 3:25-CV-948-WWB-MCR
NO. 3:25-CV-950-WWB-PDB
NO. 3:25-CV-962-WWB-MCR
NO. 3:25-CV-963-WWB-SJH
NO. 3:25-CV-966-WWB-SJH
NO. 3:25-CV-989-WWB-PDB
NO. 3:25-CV-995-WWB-MCR

_____

## Order

Before the Court is Plaintiffs' Renewed Unopposed Motion to Appoint Interim Co-Lead Class Counsel. Doc. 26. Plaintiffs request this Court appoint Mariya Weekes, Esq., Jeff Ostrow, Esq., and Marc Edelson, Esq., (Co-Lead Counsel), as interim co-lead counsel to litigate this action on behalf of the plaintiffs. *Id* at 1, 16. For the reasons discussed below, plaintiffs' motion, doc. 26, is due to be granted.

Federal Rule of Civil Procedure 23(g)(3) permits the Court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." The advisory committee notes to the Rule explain that "[i]n some cases, . . . there may be rivalry or uncertainty that makes formal designation of interim counsel appropriate." Fed. R. Civ. P. 23, advisory comm.'s note

to 2003 amend., Paragraph (2)(A). Similarly, the Manual for Complex Litigation advises that:

> If the lawyer who filed the suit is likely to be the only lawyer seeking appointment as class counsel, appointing interim class counsel may be unnecessary. If, however, there are a number of overlapping, duplicative, or competing suits pending in other courts, and some or all of those suits may be consolidated, *a number of lawyers may compete for class counsel appointment*. In such cases, designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement

Manual for Complex Litigation (Fourth) § 21.11 (emphasis added).

In appointing interim counsel, courts commonly employ "the same factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A)." *See Morrison v. Fam. Dollar Stores, Inc.*, 2024 WL 3312055, at *1 (S.D. Fla. June 11, 2024); *see also In re Mednax Servs., Inc., Customer Data Sec. Breach Litig.*, 2022 WL 777021, at *1 (S.D. Fla. Feb. 22, 2022) (internal citations and quotation marks omitted) ("[I]t is generally accepted that the considerations set forth in Rule 23(g)(1)(A), which governs appointment of class counsel once a class is certified, apply equally to the designation of interim class counsel before certification and their replacements.") These factors include (1) "the work counsel has done in identifying or investigating potential claims in the action;" (2) "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;" (3) "counsel's knowledge of the applicable law;" and (4) "the resources counsel will commit to representing the

class." Fed. R. Civ. P. 23(g)(1)(A)(i-iv); *see Bowers v. Sioux Honey Coop. Ass'n*, 2012 WL 12865846, at *2 (S.D. Fla. Dec. 14, 2012); *see also In re: Disposable Contact Lens Antitrust*, 2015 WL 10818781, at *1 (M.D. Fla. Oct. 7, 2015).

After a review of plaintiffs' motion, all four Rule 23 factors weigh in favor of appointment. As to the first consideration, through their extensive investigation into defendant's data breach—the subject of this litigation—and the resulting harm, co-lead counsel have "moved quickly . . . to consolidate [p]laintiffs' cases, . . ." and are now preparing a consolidated amended complaint.. Doc. 26 at 4. Factors 2 and 3 also weigh in favor of appointment, given co-lead counsel's extensive experience litigating complex consumer class actions, including data breach cases. Doc. 26 at 5-13. Notably, each prospective co-lead counsel has previously been appointed as interim counsel in multiple class action cases—representing, at times, millions of plaintiffs. *Id*, docs. 26-1; 26-2; 26-3. Thus, co-lead counsel has the requisite experience and knowledge of the applicable law to litigate this matter. Finally, co-lead counsel represent that their firms have ample resources "to advance [p]laintiffs' and [c]lass members' interests[,]" and are able to finance litigation over a period of years." Doc. 26 at 13-14. Co-lead counsel further represent that they can efficiently handle all aspects of litigation in this matter, including, briefing and motion practice, discovery, and settlement negotiations. Doc. 26 at 14-15. Thus, the fourth factor weighs in favor of appointment. Accordingly, plaintiffs' motion, doc. 26, is granted.

It is **ordered**.

1. Plaintiffs' Renewed Unopposed Motion to Appoint Interim Co-Lead Class Counsel, doc. 26, is **granted**.

2. The Court appoints Mariya Weekes, Esq., Jeff Ostrow, Esq., and Marc Edelson, Esq., as **interim co-lead counsel** for plaintiffs and class members.

**Ordered** in Jacksonville, Florida on October 24, 2025.



/s/ Laura Lothman Lambert
United States Magistrate Judge

c:
Jeff Ostrow, Esquire
Mariya Weekes, Esquire
Caroline Herter, Esquire
Liberato P. Verderame, II, Esquire
Marc H. Edelson, Esquire
Jonathan Herrera, Esquire
Courtney Ross Brown, Esquire
Joshua Robert Jacobson, Esquire
Carlos V. Leach, Esquire
Josh Sanford, Esquire
Gerald D. Wells, III, Esquire
Nicholas A. Colella, Esquire
Amber Love Schubert, Esquire
Adam Remillard, Esquire
Christian Peter George, Esquire
Christopher S. Carver, Esquire