**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | |
|---|---|
| **BRETT CONNER, et al.**, *individually and on behalf of all others similarly situated*,<br><br>    Plaintiffs<br>        v.<br><br>**CPAP MEDICAL SUPPLIES AND SERVICES INC.**,<br><br>    Defendant. | Case No.: 3:25-cv-945-WWB-LLL<br><br>**Class Action** |

**Uniform Case Management Report**

The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

1. **Date and Attendees**

   The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

   The parties conducted the planning conference on 4/3/2026. Mariya Weekes and Caroline Herter, counsel for Plaintiffs, and, Christopher Carver and Adam Remillard, counsel for Defendant, attended the conference.

2. **Deadlines and Dates**

   The parties request these deadlines and dates:

| Action or Event | | Date |
| --- | --- | --- |
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | | 5/20/2026 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | | 9/4/2026 |
| Disclosure of expert reports (class action) | Plaintiffs | 2/15/2027 |
| | Defendant | 3/30/2027 |
| Deadline for completing class action discovery.[1] *See* ECF No. 6. | | 7/29/2027 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | | 6/15/2027 |
| Response to motion for class certification. *See* ECF No. 6. | | 8/17/2027 |
| Reply to motion for class certification. *See* ECF No. 6. | | 9/14/2027 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4. The parties have identified mediators Jill Sperber and Bruce Friedman[2] to potentially mediate this case, and are confident that they will reach agreement on the specific mediator from this list well in advance of any mediation of the case. | | 5/18/2027 |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B). | Plaintiffs | 12/7/2027 |
| | Defendant | 1/19/2028 |
| | Rebuttal | 2/24/2028 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | | 3/13/2028 |

---

[1] The Parties have reached an agreement as to certain information that Defendant need only produce when and if class certification is granted. *See infra* Section 9.C.

[2] The Parties have identified these mediators, rather than those included on the District's Certified Mediators list, based upon their significant experience mediating similar data breach class actions.

| | |
|---|---|
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 4/21/2028 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | TBD |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | TBD |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | TBD |
| Month and year of the trial term. | TBD |

The trial will last approximately 10 days[3] and be

☒ jury.

☐ non-jury.

## 3.   Description of the Action

This proposed nationwide putative class action case against defendant CPAP Medical Supplies and Services Inc. ("Defendant") arises from an alleged December 2024 data incident, which Plaintiffs contend impacted and caused harm to tens of thousands of individuals. Defendant disagrees with Plaintiffs' contention and specifically disagrees that any Plaintiff suffered actual harm. Defendant is a is a provider of continuous positive airway pressure (CPAP) devices and other medical equipment for patients with sleep apnea. Plaintiffs assert they are Defendant's former or current customers.

## 4.   Disclosure Statement

☒ Each party has filed a disclosure statement using the required form.

---

[3] Trial length will depend on which parties remain in the case and if a class is ultimately certified.

5.  **Related Action**

    ☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

6.  **Consent to a Magistrate Judge**

    > "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).
    >
    > The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

    ☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

    ☒ The parties do not consent.

7.  **Preliminary Pretrial Conference**

    ☒ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

    ☐ The parties do request a preliminary pretrial conference.

8.  **Discovery Practice**

    > The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

    ☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

4

9. **Discovery Plan**

The parties submit the following discovery plan under Rule 26(f)(2):

A.  The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

    ☒ Yes.
    ☐ No.

B.  Discovery may be needed on these subjects:

Plaintiffs: The manner, method, and scope of the Data Breach; Defendant's information security policies, practices, procedures, and personnel at the time of the Data Breach; Defendant's current information security policies, practices, procedures, and personnel; damages to Plaintiffs and class members.

Defendant: Each named Plaintiff's claimed injuries and damages, including the nature, extent, and causation of any alleged identity theft, fraud, or misuse of data; each named Plaintiff's history of prior data breaches and incidents of identity theft or fraud predating the Data Breach; each named Plaintiff's relationships with and data provided to other healthcare entities and third parties that collected or maintained similar categories of Private Information; each named Plaintiff's pre-Breach credit monitoring, identity protection, and data security measures; each named Plaintiff's post-Breach mitigation efforts and associated costs; the factual basis for each named Plaintiff's claim that any alleged injury is fairly traceable to the Data Breach rather than to independent causes; and the factual basis for Plaintiffs' class allegations, including the typicality and adequacy of the named Plaintiffs as class representatives.

C.  Discovery should be conducted in phases:

    ☐ No.
    ☒ Yes; discovery in this case shall take place in two phases. Phase I will be limited to discovery on the following topics: (i) Plaintiffs' individual claims; (ii) the number of individuals whose information may have been accessed in connection with the data incident at issue; (iii) the method of intrusion utilized in connection with the data incident at issue; and (iv) Defendant's cybersecurity policies that existed at the time of the data

incident and any alleged failure by Defendant to adhere to such policies. Phase II will proceed only if a class is certified, and will consist of discovery on the following topics: (i) the identities of other putative class members who may have suffered harm as a result of the data incident at issue; and (ii) other merits related issues necessary for Plaintiffs to try to prove their claims.

D.  Are there issues about disclosure, discovery, or preservation of electronically stored information?

☐  No.
☒  Yes; The Parties acknowledge the need for an ESI protocol at a later date.

E.  ☒  The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

F.  The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☒  No.
☐  Yes.

## 10. Request for Special Handling

☒ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☐ Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

## 11. Certification of familiarity with the Local Rules

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

Dated: April 3, 2026

Respectfully Submitted,

/s/ *Mariya Weekes*
Mariya Weekes
Florida Bar No. 56299
**MILBERG, PLLC**
333 SE 2nd Avenue
Suite 2000
Miami, FL, 33131
Tel: (786) 206-9057
Email: mweekes@milberg.com

Jeff Ostrow
Caroline Herter
**KOPELOWITZ OSTROW, P.A.**
1 West Las Olas Blvd., Suite 500
Fort Lauderdale, FL 33301
Tel.: (954) 332-4200
ostrow@kolawyers.com
herter@kolawyers.com

Marc H. Edelson*
Liberato P. Verderame
(admitted *pro hac vice* )
**EDELSON LECHTZIN LLP**
411 S. State Street, Suite N300
Newtown, PA 18940
T: (215) 867-2399
medelson@edelson-law.com
lverderame@edelson-law.com

*Counsel for Plaintiffs*

/s/ *Christopher S. Carver*
Christian P. George, Esq.
Florida Bar No. 41055
christian.george@akerman.com
Adam C. Remillard, Esq.
Florida Bar No. 1002568
adam.remillard@akerman.com
50 North Laura Street – Suite 3100
Jacksonville, FL 32202
Tel.: (904) 798-3700
Fax: (904) 798-3730

**AKERMAN LLP**
Christopher Carver, Esq.
Florida Bar No. 993580
christopher.carver@akerman.com
201 East Las Olas Boulevard – Suite 1800
Ft. Lauderdale, FL 33301
Tel.: (954) 463-2700
Fax: (954) 468-2454

*Counsel for Defendant CPAP Medical Supplies and Services Inc.*

7